This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                 **NO. 35,646**

**RACINE IRONWING,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Racine Ironwing appeals from the judgment and sentence following entry of his conditional guilty plea and argues that on appeal the district court erred in denying his motion to suppress evidence, because the stop was not based on reasonable suspicion.  [DS 1, 4; RP 68, 89] This Court issued a notice proposing to reverse on the grounds that the stop of Defendant was unreasonable under the Fourth Amendment, Defendant's subsequent concealment of his identity did not purge the taint of the illegal stop, and the discovery of methamphetamine on Defendant's person was not so attenuated from the illegal stop to be admissible. [CN 1, 4–6] The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we reverse.

{2}     In its memorandum in opposition, the State concedes Defendant was unconstitutionally seized, because the stop was not based on reasonable suspicion. [MIO 5–7] Instead, the State argues that this Court should reconsider its decision in *State v. Tapia*, in which this Court held "the commission of a non-violent, identity-related offense in response to unconstitutional police conduct does not automatically purge the taint of the unlawful police conduct under federal law." 2015-NMCA-055, ¶ 17, 348 P.3d 1050, *cert. granted*, 2015-NMCERT-005, 367 P.3d 441. The State urges this Court to reverse its decision in *Tapia* and hold that, where, as in

this case, a defendant commits a non-violent, identity-related offense following an unconstitutional stop, the identity-related offense should constitute a new crime that purges the taint of the illegal stop. [MIO 8–9] In support of this argument, the State offers various policy reasons to reconsider *Tapia* and also points out that our Supreme Court granted the State's petition for certiorari. [MIO 8, 9-20]

{3}     Because, as we discussed in our notice of proposed disposition, *Tapia* is directly on point and its effectiveness is not affected by the pending Supreme Court review, [CN 4-5] we decline to consider the policy arguments the State advances in support of reversal of *Tapia*. *See* Rule 12-405(C) ("A petition for a writ of certiorari filed pursuant to Rule 12-502 NMRA or a Supreme Court order granting the petition does not affect the precedential value of an opinion of the Court of Appeals, unless otherwise ordered by the Supreme Court."). Accordingly, we reverse.

{4}     **IT IS SO ORDERED.**


                                          _____
                                          **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**

_____

**TIMOTHY L. GARCIA, Judge**